(No. 24028.—)

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE EQUITABLE TRUST COMPANY OF CHICAGO.—(THE FIRST NATIONAL BANK OF CHICAGO, Trustee, *et al.* Appellees, *vs.* CHARLES H. ALBERS, Receiver, Appellant.)

*Opinion filed June 11, 1937.*

ROY D. KEEHN, and W. M. KEELEY, for appellant.

SIDNEY J. WOLF, for appellees.

Per CURIAM : Charles H. Albers, as successor receiver of the Equitable Trust Company of Chicago, has been granted leave to appeal from a judgment of the Appellate Court for the First District holding that certain intervening petitioners were entitled to have claims for taxes against the real estate, held by the receiver, allowed as general claims against the receivership estate. The intervening petitioners, the First National Bank of Chicago, as Trustee, and Garabed T. Pushman, owners of the fee, together with the right of interest of the lessors of the premises in question, have also assigned cross-errors, claiming error in the judgment of the Appellate Court inasmuch as it denied their claim to a reasonable rental for the premises located at 2210-16 South Michigan avenue, in Chicago, from December 8, 1931, to January 28, 1932. The receiver denies ever occupying these premises.

December 21, 1931, the People of the State of Illinois, on the relation of the Auditor of Public Accounts, filed a bill of complaint in the circuit court of Cook county charging that the Equitable Trust Company of Chicago was a banking corporation, with its place of business at 2218 South Michigan avenue, Chicago, and asking for dissolution of the corporation. On November 24, 1931, the Auditor had assumed control of the bank, and, on December 7 of the same year, one William J. Maresh was appointed receiver. This appointment was confirmed by the court. December 2, 1933, the First National Bank of Chicago, as trustee, was substituted in lieu of the First Union Trust and Savings Bank and on July 25, 1934, William L. O'Connell was appointed successor receiver of the Equitable Trust Company of Chicago in place of Maresh. He continued in this capacity until July, 1936, when he died. There-

after, Charles H. Albers was appointed receiver to succeed O'Connell.

The Equitable Trust Company, at the time of the appointment of the receiver, held a leasehold interest in the premises which consisted of two pieces of real estate, one located at, and known as, 2210-16 South Michigan avenue, in Chicago, and the second located at, and known as, 2218 South Michigan avenue, which immediately adjoins the first parcel of real estate on the south. The bank building used by the Equitable Trust Company was located on the premises known as 2218 South Michigan avenue. The Equitable Trust Company, as lessee, in addition to the payment of rent provided in the lease, also assumed and agreed to pay all taxes, charges and assessments, general and special, which might be levied or assessed against the property during the continuance of the lease on the land demised, and also upon any building erected thereon. During the months of December, 1931, and January, 1932, the receiver collected rents from the tenants in the building at 2210-16 South Michigan avenue, paid the salary of the janitor of the building and also paid for coal for heating the building, and accounted to the intervenors. January 28, 1932, an order was entered by the court authorizing the receiver to reject the lease relative to this property. The intervening petitioners sought to have a reasonable rental allowed for this period, claiming the receiver was in possession, but the claim was disallowed.

This appeal involves two separate orders covering the two different parcels of real estate, the one located at 2210-16 South Michigan avenue, and the other located at 2218 South Michigan avenue. The order as to the first parcel of property found the various interests of the parties, the taxes due, the repudiation by the receiver, the rejection of the lease, and also that the receiver was not obligated to pay either rental or taxes. The order as to the property known as 2218 South Michigan avenue denied

the claim of the intervening petitioners, the First National Bank, as trustee, and Garabed T. Pushman, asking for taxes. From these orders an appeal was perfected to the Appellate Court for the First District. Upon review, the Appellate Court affirmed the orders of the chancellor except in so far as they denied the right to the claim for taxes for 1930 and 1931, and as to these items the Appellate Court found that the intervening petitioners were entitled to file their claims as general claims against the estate for the taxes assessed as of the years 1930 and 1931.

As we have already stated, the receiver, by this appeal, is seeking to reverse the judgment of the Appellate Court allowing the claims for taxes as general claims against the estate, and the intervening petitioners, by their cross-appeal, are asking for the allowance of their claim for rentals for the premises, 2210-16 South Michigan avenue. It appears to be the rule that a receiver, by virtue of his appointment, does not necessarily become liable upon the covenants of a lease made prior to his appointment by the party for whom he is receiver, but he has a right to elect whether he will adopt the lease and proceed thereunder, or reject it if he finds it is of no value to the estate. In order to afford him an opportunity to review the situation the law has given him a reasonable time in which to make up his mind as to which of the propositions he desires to adopt. The mere acceptance of the trust, as receiver, does not bind him and he cannot be held until he so elects. His election, however, must be made within a reasonable time and this, necessarily, is a question of fact. In the cause before us the chancellor found that the receiver had elected to reject and had at no time held under the lease. The decision of this factual issue was affirmed upon review by the Appellate Court. We have examined the record and are of the opinion that this result could have been fairly reached from the facts presented. It will not therefore be disturbed upon review here.

A previous appeal to the Appellate Court, entitled *People* v. *Equitable Trust Co.* 277 Ill. App. 570, involved the claim of the intervening petitioners that the receiver, having occupied the bank building on the south portion of the premises known as 2218 South Michigan avenue, had adopted the lease and, therefore, became liable thereunder. This claim, however, was denied and it was held the receiver was liable only for the actual time of occupancy and for a reasonable rental for the period. The petitioner in this proceeding, the successor receiver, among other points raised, insists that this prior proceeding in the Appellate Court was, in effect, an adjudication as to the taxes on this particular piece of property, inasmuch as it might be gathered from the opinion of the court that the question of taxes was settled and adjudicated and, hence, should not be considered in this proceeding. The court there held that the receiver, having rejected the lease, could not be held liable for taxes assessed against the property during the period of his occupancy. It did not, however, hold that the estate might not be liable for taxes which accrued against the estate prior to the occupancy of the receiver and, in consequence, allowable as a general claim against the estate.

An examination of the evidence as to the taxes which the Appellate Court held should have been allowed as general claims against the estate discloses that the tax levies were all passed and filed for the year 1930 prior to December 31, 1931, and that all tax levies for 1931 were passed prior to December 8, 1931, and filed before May, 1932. The receiver was not appointed until December 8, 1931; the receivership estate had not been closed and was still pending. It necessarily follows that taxes for 1930 and 1931 were provable claims against the lessee, the Equitable Trust Company, and, as such, were properly classified as claims against its estate in the hands of the receiver, payable out of funds collected in the course of administration as general claims, even though the precise

amounts were not ascertainable on the day the receiver was appointed. *Evans* v. *Illinois Surety Co.* 298 Ill. 101.

It is urged that the Appellate Court erred in not dismissing the appeal of the intervening petitioners, upon a motion made to that effect, on the ground that the appeal was not perfected until over thirty days after the entry of the orders in the circuit court. Rule 36 of this court provides that when the *præcipes* specify any proceedings at the trial, the record on appeal shall be *transmitted* to the reviewing court not more than thirty days after the report of the proceedings or agreed statement of facts has been filed. Our rule 41 also contains a provision that "The time of filing records, abstracts and briefs in the several Appellate Courts shall be governed by the rules of such courts." The applicable rule of the Appellate Court for the First District, known as rule 10, declares that, "The record on appeal shall be filed in the office of the clerk of this court within five days after the time specified by rule 1 for its *transmittal* by the clerk of the trial court." Obviously, the purpose of the rule as laid down is that the clerk of the trial court shall send or transmit the record to the court of review within thirty days. The rule of the Appellate Court that the record shall be filed within five days after transmittal, evidently is intended to cover the period of time which may intervene from the sending or transmitting of the record by the clerk of the trial court until it reaches the clerk of the court of review. The record in this case shows that the proceedings in the trial court were filed within the thirty-five days prescribed by the rules of the Appellate Court. The motion to dismiss in that court was properly overruled.

Finding no error in the record, the judgment of the Appellate Court is affirmed. *Judgment affirmed.*